ORIGINAL

JOHN S. CARROLL #0649
345 Queen St., Suite 607
Honolulu, Hawaii  96813
Telephone:  (808) 526-9111
Facsimile:  (808) 545-3800

Attorney for Defendant
DAVID ELLIOTT

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

APR 19 2006

at ___ o'clock and ___ min. ___M
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>DAVID ELLIOTT,<br><br>    Defendant. | CR. No. 04-00132 DAE<br><br>DEFENDANT'S PRESENTENCE MEMORANDUM; CERTIFICATE OF SERVICE<br><br>Hearing:<br>Date: April 20, 2006<br>Time: 2:00 p.m.<br>Judge: Hon. J. Michael Seabright |

**DEFENDANT'S PRESENTENCE MEMORANDUM**

The facts of this case are stubborn. The facts of this case are revealing. The facts of this case must be considered by this Honorable Court prior to imposing sentence onto the Defendant.

## **Mitigating Factors**[1]

With respect to mitigating factors, the leading case appears to be U.S. v. Booker. See U.S. v. Booker, 125 S.Ct. 738 (2005), the Supreme Court held that the sentencing guidelines are advisory only, not mandatory. The other factors set forth in 18 U.S.C. §3555(a) must also be considered in fashioning the appropriate sentence. See Booker, 125 S.Ct. at 790 (sentencing guidelines are but one of many statutory concerns that federal courts must take into account during sentencing determinations). These factors include (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the

---

[1] See 108 Easy Mitigating Factors by Michael R. Levine. Michael R. Levine is a graduate of Columbia University and the Boalt Hall School of Law at U.C. Berkeley where he was on the Law Review. The Ninth Circuit Court of Appeals appointed him Hawaii's first Federal Public Defender from 1982-1990. He taught criminal procedure and legal writing at UCLA and the University of Hawaii law schools. After twenty years as an assistant federal public defender in Los Angels and Portland, he is now in private practice emphasizing federal trials and post conviction litigation. He has argued twice before the U.S. Supreme Court.

2

sentence imposed-(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the advisory guideline range; (5) any pertinent policy statements issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities; and (7) the need to provide restitution to any victims of the offense. *Id; Booker*, 125 S.Ct. at 764. Hence, this paper now uses the term **"mitigating factors"** instead of "downward departures." <u>See</u> Dissent of Justice Stevens in <u>Booker</u>, 125, S.Ct. at 788 ("there can be no departure from a mere suggestion."). Because the guidelines are not binding, "courts need not justify a

sentence outside of them by citing factors that take the case outside the 'heartland.'"

With respect to the instant case, the facts are as follows:

First of all, Defendant David Elliott was living with his brother. He had for one reason or another left his other permanent place of abode and was being afforded a place to stay by his brother.

Second fact is that he had been given several weapons by an Employer who owed him money as security for the money that was owed. He had little knowledge of the gun laws in the State of Hawaii and consequently put the guns underneath his bed for safekeeping until the money that was owed to him was paid. He intended to return the weapons to the person he presumed was the true owner after receiving the money due to him.

When accosted by the Officers of the Kona Police and the Federal Agent, he was asked if he had any weapons, he said he did and immediately led them to the weapons under the bed. These weapons were never

4

moved from beneath his bed. Thus, they were certainly not involved in any way, even remotely, in interstate commerce.

In the process of doing a search of the home, agents found a small amount of marijuana, which Defendant Elliott admitted was his under Hawaii law, probably, a violation.

The "facts" from the Federal perspective add up to "possession an illegal substance and illegal possession of firearms." On the face of it, it would seem that Defendant Elliott has committed major crimes. The facts are that he was ignorant on the one hand and stupid on the other, i.e., to have been smoking or having in his possession marijuana. He fully realizes how damning these facts are under Federal Law.

See U.S. v. Pacheco-Soto, 386 F.Supp.2d 1198, 1204 (D.N.M. 2005)("Because of the fact that the guidelines are no longer mandatory, a non-guideline sentence does not have to be supported by facts to justify a departure from the old or mandatory regime. A

traditional departure is no longer necessary to have in order for the sentencing court to impose a sentence below the guideline range."); See Koon v. U.S., 518 U.S. 81, 113 (1996), that "[i]t has been uniform and constant in the federal judicial tradition for the sentencing judge to consider every convicted person as an individual and every case as a unique study in the human feelings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue." If the Court is going to insist on considering the guidelines then the issue is whether or not a departure from those guidelines is warranted. By this paragraph, Counsel for the Defendant is not indicating that the guidelines should even be noted in determining the sentence for Defendant Elliott but it is undoubtedly the case that the Court will at least look at the guidelines to see what might have been in order in the absence of Booker *supra*.

Another fact which the Court may consider is what would be the effect on the Defendant in the event

that he is imprisoned. In the case of Defendant Elliott it is clear that the impact on Mr. Elliott would be severe. Incarceration for any period would interrupt his entire business, his whole mode of living. The fact that he spent any time in prison would probably taint the business reputation that he has built and the aloha that is felt for him in the Kona Community. If the Court has read through the myriad of laudatory letters written in some cases by little children as young as six (6) years old who have taken the time to write on behalf of the Defendant the Court will note that this is a man who has given hope and self confidence to many in his community. He has given to many hope and a sense of well-being, a sense of self-confidence, a sense of ability to handle difficult situations, all through his teachings, leadership and his character.

As was noted in U.S. v. Carvajal, 2005 WL 476125 (S.D.N.Y. Feb. 22, 2005), "That goal cannot be served if a defendant can look forward to nothing beyond imprisonment. Hope is the necessary condition of

7

mankind, for we all are created in the image of God. A judge should be hesitant before he destroys all hope and takes away all possibility of useful life. Punishment should not be more severe than that necessary to satisfy the goals of punishment."

This Court has the latitude to craft and impose a sentence that is going to punish Mr. Elliott for what he has done. He has admitted to the fact that there has been wrongdoing. But for him to have to spend even one (1) day in jail would be in counsel's opinion, a serious miscarriage of justice given the fact that 1) the possession of the illegal weapons was one that was brought about through ignorance. There was no criminal intent or involvement. The weapons were not used in any crimes and in fact were never involved in any way in interstate commerce in a manner which would bring that possession within the ambit of Federal Law. See USA v. John Lanny Lynch, 282 F.3d 1049 (9th Cir. 2002)(Lynch I), "if the acts deplete the assets of an individual who is directly and customarily engaged in interstate

commerce; if the acts cause or create the likelihood that the individual who is directly and customarily engaged in interstate commerce; if the acts cause or create the likelihood that the individual will deplete the assets of an entity engaged in interstate commerce or if the number of individuals victimized or the sum at stake is so large that there will be some cumulative effect on interstate commerce." *Id.* at 1053 (quoting United States v. Collins, 40 F.3d 95, 100 (5th Cir. 1994)).

In this case while, indeed, there is a technical violation with respect to the mere possession of the weapons, there is no actual crime, there is no nexus to interstate commerce whatsoever, there is no depletion of assets of any individual and certainly no one is being victimized by the fact that he possessed these weapons. Finally, it is clear that Mr. Elliott had no intention of using these weapons for any kind of criminal activity.

As noted hereinabove, the only thing he was guilty of was a heretofore blissful ignorance of the laws of the State of Hawaii with respect to gun ownership. Had this case been in Texas and had one of the weapons not been stolen, there would have been no crime whatsoever.

The next mitigating factor the Court should consider is the fact that Mr. Elliott has no convictions, no prior criminal conduct and in effect he has no record. In addition to that he was given permission to go to Thailand during the period between the plea of guilty and the time of sentencing and he returned without incident.

Another mitigating factor is the fact that he has done his best to cooperate with the DEA Officers. Officer Wagner and has been given information regarding criminal activity most of which Officer Wagner has chosen not to utilize as far as we know. For all of these reasons, it's important that this Honorable Court must ask itself whether or not it has informed

discretion in determining to fix a prison sentence in this case. Is the Court taking an empirical rather than a sentimental position that rarely helps an offender.

> "As criminologists put it, prisons are destructive of the human spirit and negate good-faith efforts to achieve offender reformation."

> "It is difficult to escape the conclusion that the act of incarcerating at all will impair whatever potential he has for a crime-free future adjustment and that, regardless of which 'treatments' are administered while his is in prison, the longer he is kept there the more he will deteriorate and the more likely it is that he will recidivate."

A somewhat ancient case, <u>State v. Ward</u>, 270 A.2d 1 (N.J. 1970), holding that incarceration of marijuana possessors is unwarranted. "Sentencing judges should direct the punishments they impose to the goal of reformation. Too severe a punishment will do little towards advancing this goal. Incarceration is a traumatic experience for anyone," 270 at A.2d at 5.

This Court has seen numbers of pleas from individuals who know David Elliott intimately, persons who understand his character, who have learned from

11

him, who have grown because of his tutelage, who have gained confidence in themselves and their abilities because of their involvement with him and his lifestyle and his teaching techniques. To put him in jail for even one day would be a grave miscarriage of justice. We would ask that he be given probation and community service as the only types of punishment appropriate for this instant case.

DATED: Honolulu, Hawaii April 19, 2006.

_____
JOHN S. CARROLL

Attorney for Defendant
DAVID ELLIOTT

---

UNITED STATES v. DAVID ELLIOTT; CR. NO. 04-00132 DAE;
**Defendant's Presentence Memorandum**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) CR. No. 04-00132 DAE )  ) |
| Plaintiff, | ) CERTIFICATE OF SERVICE ) |
| vs. | ) ) |
| DAVID ELLIOTT, | ) ) |
| Defendant. | ) ) ) |

**CERTIFICATE OF SERVICE**

I hereby certify that a true and exact copy of the foregoing document was duly served upon the following parties at their last known address by hand delivery on this date:

    EDRIC M. CHING
    Assistant U.S. Attorney
    PJKK Federal Building
    300 Ala Moana Boulevard, Room 6100
    Honolulu, Hawaii  96813

    Attorney for Plaintiff
    UNITED STATES OF AMERICA

NEIL W. TSUKAYAMA
U.S. Probation Officer
U.S. Courthouse
300 Ala Moana Boulevard, Room C-126
Honolulu, Hawaii  96813

DATED: Honolulu, Hawaii, April 19, 2006.

                              _____
                              JOHN S. CARROLL

                              Attorney for Defendant
                              DAVID ELLIOTT