*cc, JMS*

## ORIGINAL

JOHN S. CARROLL #0649
345 Queen St., Suite 607
Honolulu, Hawaii 96813
Telephone: (808) 526-9111
Facsimile: (808) 545-3800

Attorney for Defendant
DAVID ELLIOTT

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

MAY 05 2006

at 2 o'clock and 10 min. P_M *pw*
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) CR. No. 04-00132 ~~DAE~~ *JMS* |
| | ) |
| | ) |
| Plaintiff, | ) DEFENDANT'S SUPPLEMENT |
| | ) MEMORANDUM RE: APPLICABILITY |
| vs. | ) OF U.S.S.G. §2K2.1(A)(4)(B); |
| | ) CERTIFICATE OF SERVICE |
| DAVID ELLIOTT, | ) |
| | ) |
| Defendant. | ) |
| | ) Hearing: |
| | ) Date: April 28, 2006 |
| | ) Time: 9:30 p.m. |
| | ) Judge: Hon. J. Michael Seabright |
| | ) |
| | ) |
| | ) |

## DEFENDANT'S SUPPLEMENT MEMORANDUM RE: APPLICABILITY OF U.S.S.G. §2K2.1(A)(4)(B)

Comes now the Defendant DAVID ELLIOTT, by and

through his attorney, John S. Carroll, and hereby

respectfully    submits    his    memorandum    regarding applicability of U.S.S.G. §2K2.1(a)(4)(B).

## I.
## BACKGROUND

The  Court  has  allowed  the  opportunity  to address  whether  or  not  U.S.S.G.  §2K2.1(a)(4)(B)  is applicable  given  the  repeal  of  U.S.C.  §921(a)(30).  In addition,  the  Court  suggested  that  if  there  is corroboration  of  the  fact  that  the  weapons  were  not being  utilized  for  criminal  purposes  but  were  in  fact as  represented  by  Defendant,  that  they  were  given  as security  for  money  owed  to  him  by  an  employer,  that this  corroboration  would  be  considered  in  mitigation. Attached  hereto  as  Exhibit  A  is  a  faxed  copy  of  the Affidavit  of  Gregory  Wolfe.  The  original  will  be submitted  by  separate  cover. This  affidavit  announces that  it  is  clear  that  there  was  an  eye  witness  to  the transfer  of  the  weapons  by  Elliot's  employer  and  of  the fact  that  not  only  Defendant  Elliott  but  also  Gregory

Wolfe went to the Kona Police Department to inform them of the facts of this case.

## II.
## ARGUMENT

If in fact the guidelines were mandatory, it is arguable that given the fact that the law at the time the offense was committed should apply. The guideline should have been construed in conjunction with the existing law. 18 U.S.C. §921(a)(30) was repealed in September 2004. The offense at issue was in process by April 18, 2003. The major issue is whether or not the sentencing guidelines should take into consideration the fact that at the time the offense was committed the firearm involved in the offense fell within the definition as "semi automatic assault weapon" as outlined in 18 U.S.C. §921(a)(30). The real issue then is that in spite of the current holdings by the Second and Tenth Circuits this Honorable Court must consider the unique impact that would occur in sentencing Mr. David Elliott to incarceration.

In as much as the law 18 U.S.C. §921(a)(30) was allowed to sunset, it is clear that the intent of Congress is that this particular weapon is no longer one that falls within the definitions as outlined in §921(a)(30) *Id.*

Secondly, and more importantly the Booker case *See Booker*, 125 S.Ct. at 790, makes it unassailable that the Courts are no longer mandated follow by the guidelines. The Court, obviously, may use the old requirements as suggested guidelines in assisting the sentencing process. The sentencing statutes and rules do not set out a standard of proof for guideline enhancements. This Court only needs to assess whether the acts, which have been plead guilty to, rise to the level that would require incarceration. In the Booker case the issue of reasonable doubt is raised. There is certainly reasonable doubt with respect to the culpability of Mr. Elliott with respect to both charges of which he has plead guilty. First of all, the amount of marijuana that was found was not enough under Hawaii

4

State Law to make this punishable by more than a civil penalty. That is to say that the marijuana which he had was unmeasurable in terms of weight. The paraphernalia, is of course another issue.

In addition, there seems to be no doubt that the weapons were in his possession for security purposes. Defendant Elliott clearly did not understand or was knowledgeable of the law governing gun ownership in the State of Hawaii. It is equally clear that these weapons were never involved in any way in Interstate Commerce other than prior to the time that they came into his hands. That is when those weapons may have been involved in Interstate Commerce when Brian Kelley possessed them, but they have only been stored underneath Defendant Elliott's bed for all these years.

For all of the above reasons, we ask that the Court consider the facts in our Presentence Statement; that the Court not impose any jail time upon Defendant Elliott. That the Court view Mr. Elliott as a unique individual and consider all of the evidence which has

been submitted on his behalf and weigh that against the crime to which he plead guilty. In the balance, it would seem that imposing community service on Mr. Elliott will adequately repay his debt to society.

DATED: Honolulu, Hawaii May 5, 2006.


JOHN S. CARROLL

Attorney for Defendant
DAVID ELLIOTT

UNITED STATES v. DAVID ELLIOTT; CR. NO. 04-00132 DAE;
**Defendant's Presentence Memorandum**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. No. 04-00132 DAE |
| | ) | |
| | ) | |
| Plaintiff, | ) | CERTIFICATE OF SERVICE |
| | ) | |
| vs. | ) | |
| | ) | |
| DAVID ELLIOTT, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |
| _____ | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of
the foregoing document was duly served upon the
following parties at their last known address by hand
delivery on this date:

    DARREN W. K.  CHING
    Assistant U.S. Attorney
    PJKK Federal Building
    300 Ala Moana Boulevard, Room 6100
    Honolulu, Hawaii  96813

    Attorney for Plaintiff
    UNITED STATES OF AMERICA

NEIL W. TSUKAYAMA
U.S. Probation Officer
U.S. Courthouse
300 Ala Moana Boulevard, Room C-126
Honolulu, Hawaii  96813

DATED: Honolulu, Hawaii, May 5, 2006.


_____
JOHN S. CARROLL

Attorney for Defendant
DAVID ELLIOTT